UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JUNJIE GUO,

    Plaintiff,

v.

MULANSPA, INC., and
ZHEN BAO YU, an individual,

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, JUNJIE GUO (hereinafter, "GUO" or Plaintiff), by and through his undersigned attorney, hereby files this Complaint against MULANSPA, INC. ("SPA") and ZHEN BAO YU ("BAO") and says:

**JURISDICTION AND VENUE**

    1.    This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), and Florida common law.

    2.    This Court has jurisdiction of the claims asserted in this complaint pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

    3.    Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

1

4. All conditions precedent to this action have been performed or waived.

**PARTIES**

5. Plaintiff is a citizen and resident of the Southern District of Florida, over the age of eighteen years and otherwise *sui juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a Stylist. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e) and was regularly engaged in commerce.

6. Defendant SPA is a corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Miami, Florida. Defendant SPA has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant SPA is the owner of a beauty salon and spa. Plaintiff was employed at Defendant's salon which is located in Sunrise, Broward County, Florida.

8. Defendant BAO owned and operated SPA at all times material hereto and, upon information and belief, is a resident of Broward County, Florida. The Florida Department of State Division of Corporations lists BAO as "President" of SPA.

9. Defendant BAO had operational control of significant aspects of SPA's day to day functions, including employment practices and compensation of employees, and was responsible for the supervision and control of Plaintiff and the work Plaintiff performed.

10. Defendant BAO also had the power to hire and fire employees of SPA, set their wages, retain time and/or wage records, and otherwise control the terms of the employment. Defendant BAO also had the power to stop any illegal pay practices that harmed Plaintiff.

11. Defendant BAO acted and acts directly in the interests of SPA in relation to its employees and, thus, Defendant BAO was and is an employer within the meaning of Section 3(d) of the FLSA.

12. At all times relevant hereto, Defendants were covered employers under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that they had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

14. Plaintiff was an employee covered by the FLSA in that she was employed by Defendants as a Stylist. She is therefore an "employee" under 29 U.S.C. § 203(e).

## GENERAL ALLEGATIONS

15. Plaintiff started working for Defendants in April 2016 and was terminated without reason on or about July 1, 2020.

16. Plaintiff performed hairstyling, coloring and/or sales services for Defendants for which he sometimes did not receive regular pay and never received overtime pay.

17. Plaintiff is a non-exempt employee of Defendants, subject to the payroll practices and procedures set forth hereinafter, who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

18. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

19. GUO worked between approximately fifty-four (54) and sixty (60) hours per week in the approximately six years he was employed by Defendants.

20. GUO was paid on average in a range a mixture of cash and check of approximately $1000 to $1500, including the "net income" proceeds described hereinbelow, per week.

21. Plaintiff was paid only straight time and no overtime.

22. Plaintiff was paid on what was essentially a piecework basis.

23. Plaintiff and Defendant SPA entered into a written contract pursuant to which Plaintiff was to have received a share of the net income after expenses for the "Hair" side of the business. Plaintiff paid the sum of Twenty-Five Thousand Dollars to SPA as part of the written contract which is attached hereto, and incorporated herein, as Exhibit A.

24. Defendant SPA had two main divisions, commonly referred to as "Hair" and "Facial". Pursuant to the terms of the contract, the expenses apportioned to the Hair side of the business were to be maintained in a manner separate and distinct from the Facial component of the company.

25. Defendants failed to abide by the terms of the contract by surreptitiously moving Facial expenses into the Hair financial statements to reduce net income and the amount of money owed to GUO.

26. Alternatively, or in addition, Defendants maintained a duplicate set of business records with the specific intention of reducing net income on the Hair side of the business in order that GUO received less money through the terms of the written contract.

27. While the contract appears to make GUO a prospective partial owner of the business, in reality he was treated solely as a common employee, and he is therefore entitled to the legal protections of an employee.

28. GUO was not paid his duly owed tips or agreed-upon portion of revenues.

29. At all times material hereto, Defendants controlled when Plaintiff worked, cash flow, payments, customer distribution and virtually every other aspect of the business. GUO was therefore an employee and not an independent contractor.

30. GUO is entitled to damages as set forth above; and is further entitled to her reasonable attorney's fees pursuant to Florida Statute §448.08 as the damages asserted are wages due Plaintiff.

## COUNT I: VIOLATION OF FLSA / OVERTIME
## (AGAINST ALL DEFENDANTS)

31. Plaintiff re-alleges and re-avers paragraphs 1-30 as fully set forth herein.

32. Plaintiff is an employee as defined by the FLSA because the Defendants controlled when GUO worked, all cash flow, the amount charged to each client, the customer distribution, the way GUO performed his services, and virtually every other aspect of the business.

33. GUO worked between approximately fifty-four (54) and sixty (60) hours per week in the approximately six years he was employed by Defendants.

34. Defendants paid Plaintiff straight time and never overtime. Pursuant to Section 7 of the Act [29 U.S.C. §207] GUO should have been compensated at a rate of one half times his

regular rate of pay for every hour over forty which he worked in any given workweek. Defendants' failure to pay Plaintiff overtime over the course of his employment is a willful violation.

35. Defendants' failure to provide required compensation for all hours worked by Plaintiff is a willful violation within the meaning of the FLSA (29 U.S.C. §255(a)).

36. Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiff was not made in good faith within the meaning of the FLSA (29 U.S.C. §260).

37. Defendants also failed to accurately record, report and/or preserve records of hours worked by Plaintiff sufficient to determine his wages, hours and other conditions and practices of employment, in violation of the FLSA.

38. Defendants' failed to post and keep posted in a conspicuous place a notice explaining the FLSA, in violation of 29 U.S.C. § 203(m) and supporting federal regulations, including, but not limited to, 29 C.F.R. §516.4.

39. As a result of the Defendants' violations of the FLSA, Plaintiff GUO has incurred economic harm and loss.

WHEREFORE, Plaintiff requests judgment for:

    a. Actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly;

    b. Interest on the amount found due;

    c. Liquidated damages pursuant to 29 U.S.C. § 260;

    d. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

e.  Such other relief as the Court deems just and proper.

## COUNT II: UNPAID WAGES
## (AGAINST ALL DEFENDANTS)

40. Plaintiff re-alleges and re-avers paragraphs 1-30 as fully set forth herein.

41. This is an action for unpaid wages brought pursuant to Florida common law.

42. In addition to his base pay, Plaintiff was to be compensated from the Hair side of the business' net income, together with his cash and credit card tips without dilution or tip sharing.

43. Defendants deliberately and inappropriately included expenses from the Facial side of the business in the Hair financial documents to lower the net income of the Hair division, resulting in underpayments to Plaintiff.

44. Defendants also have not paid Plaintiff duly owed tips and instead required his to share tips.

45. It is anticipated that a judicial accounting will be necessary to determine the total amount of the underpayment to Plaintiff.

46. The actions of Defendants in manipulating the company's books to their benefit constitute unpaid wages pursuant to Florida law.

WHEREFORE, Plaintiff requests judgment for:

a.  Unpaid wages in an amount to be determined by the Court;

b.  Damages for unpaid tips;

c.  Liquidated damages pursuant to Fla. Stat. §448.110(6)(c)(1);

d.  Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. §448.08; and

e.  Such other relief as the Court deems just and proper.

## COUNT III: BREACH OF WRITTEN CONTRACT
## (AGAINST DEFENDANT SPA)

47. Plaintiff re-alleges and re-avers paragraphs 1-30 as fully set forth herein.

48. On or about April 1, 2016, Plaintiff and Defendant SPA entered into a written agreement whereby Plaintiff was to perform services as a Stylist in exchange for payment in the form of both wages and a portion of net income from SPA.

49. Plaintiff and Defendant SPA entered into a written contract pursuant to which Plaintiff was to have received a share of the net income after expenses for the "Hair" side of the business. Plaintiff paid the sum of Twenty-Five Thousand Dollars to SPA as part of the written contract which is attached hereto, and incorporated herein, as Exhibit A.

50. It is anticipated that a judicial accounting will be necessary to determine the total amount of damages from the breach of contract owed to Plaintiff.

51. Defendant SPA breached the terms of the contract by surreptitiously moving Facial expenses into the Hair financial statements to reduce net income and the amount of money owed to GUO.

52. Alternatively, Defendant SPA breached the terms of the contract by maintaining a duplicate set of business records with the specific intention of reducing net income on the Hair side of the business in order that GUO received less money through the terms of the written contract

53. Plaintiff has been damaged by Defendants' breach of contract and is owed the unpaid wages.

WHEREFORE, Plaintiff GUO demands judgment for:

   a. Damages for breach of contract in an amount to be determined by the Court;

   b. Attorney's fees pursuant to Fla. Stat. §448.08;

    c. Costs associated with this action;

    d. Interest; and

    e. Any other such relief this Court deems proper.

## COUNT VI: UNJUST ENRICHMENT
## (ALL DEFENDANTS)

54. Plaintiff re-alleges and re-avers paragraphs 1-30 as fully set forth herein.

55. From April 2016 through February 2022, Plaintiff performed services for Defendants as part of an employment relationship.

56. During this entire period of time, Plaintiff conferred a benefit upon Defendants in that he performed work for Defendants as a Stylist.

57. The Defendants had knowledge of the benefit conferred by Plaintiff as the Defendants dictated to Plaintiff when he should work, allotted customers to Plaintiff, and controlled virtually every aspect of Plaintiff's services.

58. The Defendants accepted and retained the benefit conferred by Plaintiff. Defendants charged clients for Plaintiff's services and received remuneration, including tips designated by clients to be received by Plaintiff, which Defendants instead required to be shared.

59. Defendants also improperly withheld a portion of Plaintiff's wages.

60. The circumstances are such that it would be inequitable for the Defendants to retain the benefit conferred by Plaintiff, including goodwill in Defendants' salon, without paying fair value for same.

61. Defendants have therefore been unjustly enriched at the expense of Plaintiff and are required to properly compensate Plaintiff for the receipt of the benefit conferred by Plaintiff.

62. Plaintiff has no adequate remedy at law.

WHEREFORE, GUO hereby demands judgment for:

a. Damages in the form of unpaid wages in an amount to be determined by the Court;

b. Attorney's fees pursuant to Fla. Stat. §448.08;

c. Costs associated with this action;

d. Interest; and

e. Any other such relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff, JUNJIE GUO, hereby demands a trial by jury on all issues and counts so triable contained herein.

Dated: March 16, 2022.

        LAW OFFICES OF CHARLES EISS, P.L.
Attorneys for Plaintiff
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By:   /s/ CHARLES EISS
CHARLES M. EISS, Esq.
Fla. Bar #612073
chuck@icelawfirm.com
SHANNA WALL, Esq.
Fla. Bar #0051672
shanna@icelawfirm.com

LOWELL LAW FIRM, P.A.
Attorneys for Plaintiff
91220 Overseas Highway, Unit #1875
Tavernier, FL 33070
Telephone: (954) 649-9697
Email: Karen@LowellLawPA.com

By:   */s/ Karen Lowell*
KAREN LOWELL, its Pres.
Florida Bar No.: 0967051